IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY A LUCERO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN HOME MORTGAGE et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 09-2879 CRB<br><br>**ORDER CONDITIONALLY GRANTING PLAINTIFF'S REQUEST FOR RELIEF FROM JUDGMENT** |

On April 29, 2010, the Court dismissed this case for failure to prosecute and entered Judgment in favor of Defendants. Eight days later, Plaintiff filed a Rule 60(b)(1) Motion for Relief from the Judgment. That Motion is now pending before this Court.

As explained below, the Court will GRANT Plaintiff's motion on the following condition: Plaintiff must post a bond with the Court in the amount of $11,746.00 within 30 days of the date of this Order. If Plaintiff posts the required bond by the deadline, the Court will GRANT the requested relief. Otherwise, Plaintiff's motion will be DENIED.

**DISCUSSION**

Federal Rule of Civil Procedure 60(b)(1) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect.

Whether a party's neglect is excusable is an equitable determination that "tak[es] account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). These circumstances include "the danger of prejudice to the [opposing party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* Moreover, "'excusable neglect' covers negligence on the part of counsel." *Bateman v. United States Postal Service*, 231 F.3d 1220, 1223 (9th Cir. 2000).

The conduct of Plaintiff's counsel in this case was undeniably negligent. First, counsel failed to attend a scheduled hearing on Defendants' motion to dismiss Plaintiff's Complaint. Then, she failed to file an amended complaint within the time allotted by the Court in an Order that was issued following the hearing. Worst of all, after she learned of the missed court appearance and the elapsed deadline, she waited an additional three months to contact the Court. This failure to communicate with the Court was particularly striking in light of the fact that counsel had been previously admonished for a similar failure. *See* Order Re Plaintiff's August 21, 2009 Filing (Dkt. No. 12).

Balancing the factors set forth in *Pioneer*, the Court finds, however, that counsel's negligence constitutes "excusable neglect." Though counsel did not communicate with the Court for several months, counsel filed the instant motion only eight days after the Court dismissed Plaintiff's case and entered Judgment in Defendants' favor. Thus, the delay between the Court's entry of Judgment and the filing of the instant motion was not significant and had no impact on judicial proceedings. *See Bateman*, 231 F.3d at 1225 (concluding that a sixteen day delay was "not long enough to justify denying [Rule 60(b)] relief").

Moreover, while, as in *Bateman*, Plaintiff's counsel's reasons for her neglect of her client's case are weak, "there is no evidence that [she] acted with anything less than good faith." *Id.* Her errors "resulted from negligence and carelessness, not from deviousness or willfulness." *Id.* The equities therefore largely favor granting the requested relief.

2

The Court is, however, somewhat concerned about the "danger of prejudice" to the Defendants. Defendants maintain that, in reliance on the Court's entry of Judgment, they have "engaged in active marketing efforts to sell the subject real property." Oppn. at 2. Specifically, Defendants assert that they have incurred the following out-of-pocket expenses in reliance on the Court's Judgment:

> (1) $3,550.00 "in connection with a re-sod of the lawn and the installation of irrigation"; Mays Suppl Decl. ¶ 6 & Ex. 6(B).
>
> (2) $3,996.00 "for the painting of the interior of the house"; *Id.* and
>
> (3) $4,200.00 "as a result of the home's carpet being replaced." *Id.*

Defendants have submitted copies of invoices confirming these expenditures. Mays Suppl. Decl Ex. 6(B).

In light of the evidence submitted by Defendants, the Court finds that these expenses were actually incurred in reliance on the Court's entry of Judgment and that Defendants may therefore suffer some prejudice, in the form of lost investments, if the Court grants Plaintiff's motion.

At the same time, the Court is not certain that the prejudice Defendants will suffer is equal to the full amount of the expenses they have so far incurred. After all, if this case is resolved quickly and in Defendants' favor, Defendants may not have to re-sod the lawn a second time, install another irrigation system, repaint the interior of the home, or install new carpeting. In such a circumstance, Defendants' previous expenditures would not be wasted ones.

To minimize the possible prejudice to Defendants without also providing Defendants with a potential windfall, the Court imposes the following "just term," *see* Fed. R. Civ. Pro. 60(b), on Plaintiff's request for relief from the judgment: To receive relief from the Judgment, Plaintiff must post a bond with the Clerk's Office (to be deposited within the registry of the Court) in the amount of $11,746.00 within 30 days of the date of this Order. If Plaintiff fails to post the bond within the requisite time period, Plaintiff's Rule 60(b) motion will be DENIED.

If Plaintiff posts the bond, the motion will be GRANTED.  The bond will then remain in the registry of the Court until Judgment is entered at the conclusion of Plaintiff's case.  Within 30 days of the entry of that Judgment, Defendants may submit a request for reimbursement of any of the above expenses that turn out to be duplicative.  For instance, if, at the conclusion of the case, Defendants must again re-paint the interior of the house, they can request reimbursement of the $3,996.00 they unnecessarily paid to paint the house two months ago.  On the other hand, if Defendants have no need to, for instance, install another irrigation system or re-sod the yard, they will not be entitled to reimbursement for such expenses.  Any portion of the bond that is not paid to Defendants at the conclusion of the case will be returned to Plaintiffs.

**IT IS SO ORDERED.**

Dated: July 14, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE